CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 16 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AARON SMITH, )<br>　　Plaintiff, ) | Civil Action No. 7:06-CV-00698 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| B.A. BLEDSOE, et al., ) | By: Samuel G. Wilson |
| 　　Defendants. ) | United States District Judge |

Plaintiff Aaron Smith, a federal inmate proceeding pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. Smith alleges that his housing assignment at United States Penitentiary-Lee ("USP Lee") violated his constitutional right to due process and subjected him to cruel and unusual punishment, that on one occasion, a penitentiary official subjected him to excessive force, and that he was forced to live in cruel and unusual living conditions with a cellmate who he feared. As relief, Smith seeks $950,000 in damages. The court finds that Smith's claims of a due process violation, cruel and unusual punishment, and excessive force are frivolous and his claim of cruel and unusual living conditions fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

I.

In his complaint filed November 22, 2006, Smith alleges that on November 4, 2003, he was placed in the special housing unit ("SHU") at USP Lee in Jonesville, Virginia, "for [his] own protection, because a 'note' threatening [his] life was given to authorities." Smith claims that after the note was investigated, penitentiary authorities told him that he could not return to that compound, he would be separated from all Washington, D.C. prisoners, and he was being placed in the "pilot program" in the SHU. Initially, penitentiary authorities told Smith he had to maintain good conduct in the pilot program

for 12 - 18 months with no incidents reports before he could request a transfer, but later increased it to 18 - 24 months. Smith states that he was in the pilot program for 14 months with no incident reports and has six security points. He also alleges that he made two transfer requests, which were denied on January 12, 2004 and November 1, 2004. Smith claims that keeping him in the pilot program violates his constitutional rights of due process and freedom from cruel and unusual punishment. Smith is currently being housed at United States Penitentiary- Big Sandy ("USP Big Sandy"), in Inez, Kentucky.

Smith also alleges that on August 17, 2004 he was subjected to excessive force by the penitentiary emergency response team during a "forced cell move." Smith claims that on that night, he was asked "to take a celly" who was from D.C. as his cellmate. Smith refused to take this cellmate and alleges that he was "beat down" and then "forced into ambulatory restraints . . . for about 43 hours." He also states that he was denied proper medical treatment after the "beat down" caused an abrasion on his thigh and the restraints caused the skin on his arm to peel.

Finally, Smith claims that from August 19, 2004 through December 30, 2004, he was subjected to cruel and unusual living conditions when he was forced to live with a D.C. cellmate who he feared. Smith does not allege that his cellmate ever did anything to instill this fear in him or even that cellmate had threatened him. Rather, that fact that this cellmate was from D.C. was the only basis for Smith's fear. He states that living with this inmate caused him to sleep irregularly, resulting in stress and a skin rash.

## II.

As with § 1983 actions, for purposes of the statute of limitations, Bivens actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989);

2

see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Smith's alleged constitutional violations took place in Virginia at USP Lee. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under Bivens in Virginia must do so within two years from the time when his action accrues.[1]

In this case, Smith's claims of denial of due process and cruel and unusual punishment for being housed in the SHU took place in November of 2003, when he was placed in SHU through as late as November 1, 2004, when his second transfer request was denied.[2] In addition, his claim of excessive

---

[1] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

[2] It is not clear from his petition when Smith was transferred to USP Big Sandy or how long he remained in the pilot program in the SHU at USP Lee, however, even if he could show that his claims fell within the two-year state of limitations, they would nevertheless fail to state a claim. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Smith has failed to state a claim of constitutional magnitude as to his due process claim. In addition, to establish an Eighth Amendment living conditions claim, Smith must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While the SHU and pilot program conditions may be inconvenient, uncomfortable, and unfortunate, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has he demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, Smith also failed to state a constitutional claim under the Eighth Amendment.

force took place in August, 2004. Smith filed this Bivens action on November 22, 2006, more than two years after the alleged cause of action accrued. Accordingly, the court finds that Smith claims of due process, cruel and unusual punishment, and excessive force are barred by the statute of limitations and therefore are frivolous.

### III.

Smith's only claim that falls within the statute of limitations is his claim that he was subjected to cruel and unusual living conditions by having to live with a D.C. inmate through to December 30, 2004. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Additionally, the plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Smith's only allegation is that living with this cellmate caused him to sleep irregularly which caused him stress, resulting in a skin rash. While sleeping irregularly and undergoing stress and a skin rash may be inconvenient, uncomfortable, and unfortunate, Smith has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has

4

he demonstrated that because of the conditions he has sustained a serious or significant injury or is at risk of a future injury. Therefore, Smith has failed to state a constitutional claim of cruel and unusual living conditions under the Eighth Amendment.

## IV.

For the stated reasons, Smith's due process, cruel and unusual punishment, and excessive force claims are dismissed pursuant to § 1915(e)(2) as frivolous, and Smith's cruel and unusual living conditions claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 17th day of January, 2007.

United States District Judge